IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DANIEL ORIAKHI             :

    Petitioner            :

    v.                            :         Civil Action No. MJG-05-2317
                                            Related Crim Case MJG-92-283
UNITED STATES OF AMERICA   :         (ECF Exempt)

    Respondent         :

o0o

## MEMORANDUM OPINION

The above-captioned case was remanded by the Fourth Circuit Court of Appeals on June 19, 2007. Paper No. 101. This court issued an order to show cause on July 11, 2007. Paper No. 102. Respondent filed a response to the order on August 10, 2007, alleging in part that the Motion to Vacate should be dismissed as untimely. Paper No. 103. Petitioner was advised that Respondent was alleging timeliness as a basis for dismissal and was granted an opportunity to file a Reply. Paper No. 105. Although Petitioner sought and was granted extensions of time in which to file his Reply, he has not filed anything in reply to Respondent's assertion that the motion to vacate is time-barred. For the reasons that follow, the motion will be denied.

Petitioner was convicted by a jury of conspiracy to distribute heroin and possession with intent to distribute heroin. After his conviction Petitioner filed an appeal with the Fourth Circuit Court of Appeals. The appeal was denied on June 22, 1995. See United States v. Oriakhi, 57 F. 3d 1920 (4th Cir. 1995). Petitioner did not file a petition for writ of certiorari after his conviction was affirmed. Accordingly, his conviction was final on September 22, 1995, ninety days after the date of the decision on his appeal. See Clay v. United States, 537 U.S. 522, 531– 32 (2003).

The Antiterrorism and Effective Death Penalty Act became effective on April 24, 1996.

Among the changes made by this law was the addition of a one year statute of limitations in non-capital cases. Although the statute is silent as to how it should be applied to persons such as Petitioner whose convictions were finalized before April 24, 1996, it is now clearly established that such persons had one year from the effective date, i.e., until April 23, 1997, to file a motion to vacate.

Petitioner's Motion to Vacate was filed on August 22, 2005. Paper No. 84. The motion is untimely and must be dismissed. A separate order follows.

_12/10/07_
Date

_Marvin J. Garbis_
Marvin J. Garbis
United States District Judge